PER CURIAM:
The claimant, Debra S. Shrieves, seeks an award of $77.52 from the respondent, Division of Highways, for damage to a tire on her 1987 Nissan Maxima. The damage occurred on May 18, 1996, at approximately 12:30 p.m., while the claimant was driving thirty-five miles per hour on Route 18 in Doddridge County. During the drive, the claimant’s vehicle struck a hole in the pavement surface. According to the claimant, the hole was filled with water and the claimant did not see the hole prior to the collision. As a result of the accident, a tire on the vehicle was damaged. The cost to replace the tire totaled $77.52.
Larry Williams, an assistant superintendent for the respondent, testified that he was responsible for scheduling road maintenance work for the roads in Doddridge County, and he described Route 18 as a top priority road. Mr. Williams was aware that there were numerous holes in the road where the claimant’s accident occurred, and he believed that these holes were a result of harsh weather conditions. The respondent’s road maintenance records indicated that the area was repaired with cold mix patching material on January 29, 1996, and February 23, 1996. However, no evidence was presented to establish that the area had been inspected or repaired from February 23, 1996 through May 18, 1996.
In order for the claimant to establish negligence on behalf of the respondent for damage caused by a road defect, the claimant must prove by a preponderance of the evidence that the respondent had either actual or constructive notice of the defect and a reasonable opportunity to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt vs. Division of Highways, Unpublished opinion issued April 4, 1995, CC-94-26.
The evidence in this claim established that the respondent was aware of the recurring road defect which damaged the claimant’s tire, and it decided to repair the defect by using temporary materials until more permanent repairs could be performed. However, the respondent apparently failed to monitor the condition of the road after it made the temporary repairs. Therefore, the Court believes that the claimant has established that the respondent was negligent. Based on the reasons *144 stated above, the Court makes an award to the claimant in the amount of $77.52.
Award of $77.52.